# United States Court of Appeals
## For the First Circuit

No. 19-1338

MICHAEL COLLINS,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

Before

Torruella, Thompson and Barron,
Circuit Judges.

**JUDGMENT**

Entered: August 7, 2019

    Petitioner Michael Collins seeks a certificate of appealability ("COA") in relation to the district court's denial of his 28 U.S.C. § 2255 motion pressing challenges to his armed career criminal status pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) (Johnson II). After careful consideration, we conclude that the district court's denial of Collins' § 2255 claim(s) was neither debatable nor wrong and that Collins "has [not] made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (COA standard). As the district court concluded, and as Collins concedes, his claims run afoul of recent precedent from this court. See United States v. Edwards, 857 F.3d 420, 421-22 (1st Cir.), cert. denied, 138 S. Ct. 283 (2017) (Massachusetts armed assault with intent to murder categorically qualifies as "violent felony" under ACCA force clause); United States v. Hudson, 823 F.3d 11, 16 (1st Cir. 2016), cert. denied, 137 S. Ct. 620 (2017) (same re Massachusetts assault with a dangerous weapon); United States v. Whindleton, 797 F.3d 105, 111-16 (1st Cir. 2015), cert. dismissed, 137 S. Ct. 23 (2016), and cert. denied, 137 S. Ct. 179 (2016) (same). The district court was bound by those decisions, and subsequent panels of this court are bound by those decisions "in the absence of supervening authority sufficient to warrant disregard of established precedent," Peralta v. Holder, 567 F.3d 31, 35 (1st Cir. 2009) (internal quotations omitted). With his counseled COA application, Collins does not identify any "supervening authority" legitimately calling into question the decisions cited above. Moreover, to the extent Collins suggests that the grant of a COA is a prerequisite for further review by the en banc court or the Supreme Court, he

is mistaken. See, e.g., Welch v. United States, 136 S. Ct. 1257 (2016) (reviewing denial of a COA in a case that happened also to center about Johnson II); see also Fed. R. App. P. 35 (rehearing en banc may be sought as to "an appeal or *other proceeding*") (emphasis added).

Accordingly, Collins' application for a certificate of appealability is **DENIED**. Any remaining pending motions are moot. The appeal is hereby **TERMINATED**.

By the Court:

Maria R. Hamilton, Clerk

cc:
Elizabeth Prevett
Michael Collins
Cynthia A. Young
Dustin Ming Chao